UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 09-60763-CIV-COHN/SELTZER

MICHAEL KRAPF,

    Plaintiff,

vs.

MICHAEL J. ASTRUE, Commissioner
of the Social Security Administration,

    Defendant.
_____/

## ORDER GRANTING PLAINTIFF'S APPLICATION FOR ATTORNEY FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT

**THIS CAUSE** is before the Court on Plaintiff's Application for Attorney Fees Under the Equal Access to Justice Act [DE 20]. The Court has reviewed the Application, Defendant's Response [DE 21], the record in this case, and is otherwise advised in the premises.

On May 22, 2009, Plaintiff Michael Krapf filed a Complaint [DE 1] seeking review of the final decision of the Commissioner denying him benefits under the Social Security Act. After the parties filed cross motions for summary judgment, the Magistrate Judge recommended that Plaintiff's Motion for Summary Judgment be granted, that Defendant's Motion for Summary Judgment be denied, that the decision of the Commissioner be reversed, and the matter remanded for further consideration of Plaintiff's claim [DE 18]. This Court agreed and entered an Order of Remand and final judgment [DE 19] on December 16, 2009 which remanded the case for further proceedings as stated in the order.

On January 7, 2010, Plaintiff filed the instant Application for Attorney Fees pursuant to the Equal Access to Justice Act ("EAJA"). The Application details the hours Plaintiff's counsel expended on this matter and requests an award of attorney fees of $2,994.69 and costs of $350.00, payable to counsel. The Application also attached an "Assignment of Equal Access to Justice Act fees" whereby Plaintiff assigned his right to attorney fees to counsel [DE 20-3]. On January 20, 2010, Defendant filed its Response stating that Defendant has no objection to the amount of fees requested. In addition, the Defendant does not object to payment of fees directly to Plaintiff's counsel as assignee. However, the Response states that the "assignment, however, may not preclude the United States Department of Treasury from applying the EAJA payment to offset a debt owed by Plaintiff in accordance with 31 C.F.R. § 285.5(e)(6)(ii)."[1]

Under the EAJA, the Court may award a prevailing plaintiff attorney fees and expenses unless the Commissioner can show that his position "was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). Pursuant to the EAJA, the Court is empowered to grant "reasonable fees and expenses of attorneys." 28 U.S.C. § 2412(b).

The Court finds that the Plaintiff is entitled to an award of attorney fees and that the amount requested in the Application is reasonable.

---

[1] The Court does not decide whether the assignment prevents the United States from applying the EAJA payment to offset a debt owed by Plaintiff in accordance with 31 C.F.R. § 285.5(e)(6)(ii), an issue that may be decided this term by the United States Supreme Court in <u>Astrue v. Ratliff</u>, U.S. Supreme Court Docket No. 08-1322.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's Application for Attorney Fees Under the Equal Access to Justice Act [DE 20] is **GRANTED**. The Court shall separately enter judgment for payment to be made directly to Plaintiff's counsel, pursuant to the Assignment of EAJA Fees.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 21st day of January, 2010.

_____
JAMES I. COHN
United States District Judge

Copies provided to:

Counsel of record via CM/ECF